# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### AT NASHVILLE

| | | |
|---|---|---|
| **LEAURA M. LYDE** | ) | |
| | ) | **Case No. 3:24-cv-01351** |
| **v.** | ) | |
| | ) | |
| **FRANK BISIGNANO,** *Commissioner of Social* | ) | |
| *Security Administration*[1] | ) | |

**To:    The Honorable Eli J. Richardson, District Judge**

## REPORT AND RECOMMENDATION

Plaintiff Leaura M. Lyde filed this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Social Security Administration ("SSA") denying her disability insurance benefits ("DIB") under Title II of the Social Security Act (the "Act"). The case is currently pending on Plaintiff's motion for judgment on the administrative record (Docket No. 12) and memorandum in support (Docket No. 13), to which Defendant SSA has responded (Docket No. 15). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) for initial consideration and a report and recommendation. (Docket No. 16.) Upon review of the administrative record as a whole and consideration of the parties' filings, the undersigned Magistrate Judge respectfully recommends that Plaintiff's motion (Docket No. 12) be **DENIED**.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted for Kilolo Kijakazi (who served as Acting Commissioner from July 9, 2021 to December 20, 2023) as the defendant.

# I. INTRODUCTION

On February 2, 2019, Plaintiff proactively filed an application for DIB. (Transcript of the Administrative Record (Docket No. 6) at 260–62).[2] In her applications, Plaintiff asserted that, as of the alleged onset date of October 30, 2016, she was disabled and unable to work due to PTSD, trauma, depression, extreme anxiety and stress due to caring for a child with muscular dystrophy, and PTSD breast cancer survivor. (AR 306.)

These claims were denied initially on July 2, 2019 and upon reconsideration on October 16, 2019. (AR 17.) On June 10, 2021, Plaintiff appeared with attorney William Benjamin and testified at a telephone hearing conducted by Administrative Law Judge ("ALJ") Scott C. Shimer. (AR 31–61.) On June 30, 2021, ALJ Shimer denied the claim. (AR 17–25.) On June 13, 2022, the Appeals Council denied Plaintiff's request for review of ALJ Shimer's decision, thereby making ALJ Shimer's decision the final decision of the SSA. (AR 1–3.) Plaintiff then timely commenced a civil action in this Court. *See Lyde v. Soc. Sec. Admin.*, Case No. 3:22-cv-00546 (M.D. Tenn.) [hereinafter *Lyde I*]. The SSA filed an unopposed motion asking the Court to enter a judgment that reversed the SSA's decision and remanded the case back to the SSA for further action. (*Lyde I*, Docket No. 25). The Court granted the motion and remanded the case to the SSA on July 24, 2023. (*Lyde I*, Docket No. 27.)

On November 14, 2023, the Appeals Council remanded the case to an ALJ for resolution of certain issues. (AR 1038–40.) Specifically, the Appeals Council found that ALJ Shimer's decision did not contain "an adequate [evaluation] of the medical opinion evidence and the prior administrative psychological findings." (AR 1038.) Accordingly, the Appeals Council instructed

---

[2] The Transcript of the Administrative Record is hereinafter referenced by the abbreviation "AR" followed by the corresponding Bates-stamped number(s) in large black print in the bottom right corner of each page.

2

the ALJ to give further consideration to Plaintiff's residual functional capacity and, in doing so, evaluate the medical source opinions of three of Plaintiff's providers and the prior administrative psychological findings of two doctors. (AR 1039.)

On May 9, 2024, Plaintiff appeared with attorney William Benjamin and testified at an in-person hearing conducted by ALJ Robert Martin. (AR 1003–26.) On August 2, 2024, ALJ Martin denied the claim. (AR 983–95.) Plaintiff then timely commenced this civil action, over which the Court has jurisdiction pursuant to 42 U.S.C. § 405(g).

## II. THE ALJ'S FINDINGS

In his August 2, 2024 unfavorable decision, ALJ Martin included the following enumerated findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2021.

2. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of October 30, 2016 through her date last insured of December 31, 2021 (20 CFR 404.1571 et seq.).

3. Through the date last insured, the claimant had the following severe impairments: posttraumatic stress disorder (PTSD), generalized anxiety disorder, and bipolar disorder (20 CFR 404.1520(c)).

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: The claimant can understand, remember, and perform simple tasks; should avoid occupations that require a strict quota or production rate.; can interact occasionally with supervisors and co-workers; cannot interact with the general-public; can adapt to occasional changes in the workplace; can maintain concentration, persistence, and pace for such tasks with normal breaks spread throughout the workday. Interactions should be brief, job-related, and task-focused, which is defined as limited to, speaking to, serving, or receiving information from supervisors and co-workers.

3

6.      The claimant has no past relevant work (20 CFR 404.1565).

7.      The claimant was born on October 28, 1973 and was 48 years old, which is defined as an individual closely approaching advanced age, on the date last insured (20 CFR 404.1563).

8.      The claimant has at least a high school education (20 CFR 404.1564).

9.      Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 404.1568).

10.     Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569a).

11.     The claimant was not under a disability, as defined in the Social Security Act, at any time from October 30, 2016, the alleged onset date, through December 31, 2021, the date last insured (20 CFR 404.1520(g)).

(AR 986–94.)

## III.      REVIEW OF THE RECORD

The parties and the ALJ, in combination, have thoroughly summarized and discussed the medical and testimonial evidence of the administrative record. Accordingly, the Court will discuss those matters only to the extent necessary to analyze the parties' arguments.

## IV.      DISCUSSION AND CONCLUSIONS OF LAW

### A.      Standard of Review

The determination of disability under the Act is an administrative decision. The only questions before this Court upon judicial review are: (1) whether the SSA's decision is supported by substantial evidence, and (2) whether the proper legal criteria were applied to the SSA's decision. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). The SSA's decision must be affirmed if it is supported by substantial evidence, "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley,* 581 F.3d at 406 (quoting *Key v. Callahan*,

4

109 F.2d 270, 273 (6th Cir. 1997)). Substantial evidence is defined as "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *LeMaster v. Weinberger*, 533 F.2d 337, 339 (6th Cir. 1976) (quoting Sixth Circuit opinions adopting language substantially like that in *Richardson*).

The SSA utilizes a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). If the issue of disability can be resolved at any point during the evaluation, the ALJ does not proceed to the next step and the claim is not reviewed further. *Id*. First, if the claimant is engaged in substantial gainful activity, she is not disabled. *Id.* Second, if the claimant does not have a severe medically determinable impairment that meets the 12-month durational requirements, she is not disabled. *Id.* Third, if the claimant suffers from a listed impairment, or its equivalent, for the proper duration, she is presumed disabled. *Id.* Fourth, if the claimant can perform relevant past work based on her residual functional capacity ("RFC"), which is an assessment of "the most you [the claimant] can still do despite your limitations," 20 C.F.R. § 404.1545(a)(1), she is not disabled. *Id.* Fifth, if the claimant can adjust to other work based on her RFC, age, education, and work experience, she is not disabled. *Id.* The claimant bears the burden of proof through the first four steps, while the burden shifts to the SSA at step five. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

The Court's review of the SSA's decision is limited to the record made in the administrative hearing process. *Jones v. Sec'y of Health & Human Servs.*, 945 F.2d 1365, 1369 (6th Cir. 1991). A reviewing court may not try a case *de novo*, resolve conflicts in evidence, or decide questions

5

of credibility. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citing *Myers v. Richardson*, 471 F.2d 1265, 1268 (6th Cir. 1972)). The Court must accept the ALJ's explicit findings and determination unless the record is without substantial evidence to support the ALJ's determination. *Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984).

## B.     The ALJ's Five-Step Evaluation of Plaintiff

Following the five-step sequential analysis, the ALJ determined that Plaintiff was not disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 31, 2016, her alleged onset date. (AR 986.) At step two, the ALJ found that Plaintiff's impairments of "posttraumatic stress disorder (PTSD), generalized anxiety disorder, and bipolar disorder" were severe. (AR 986.) At step three, the ALJ determined that Plaintiff was not presumptively disabled because she did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 986–87.) At step four, the ALJ determined that Plaintiff had the RFC to perform a full range of work at all exertional levels with certain non-exertional limitations. (AR 987–93.) Finally, at step five, the ALJ determined that there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed through the date last insured, such as night cleaner, dishwasher, and furniture stripper. (AR 993–94.)

Therefore, the ALJ concluded that Plaintiff was not under a disability at any time from October 31, 2016, her alleged onset date, through December 31, 2021, her date last insured. (AR 994.)

## C.     Plaintiff's Assertions of Error

Plaintiff sets forth one assertion of error: "ALJ made an error by not properly addressing the persuasiveness of medical opinions in the case file thus failing to find a residual functional

6

capacity (RFC) that meets the substantial evidence standard." (Docket No. 13 at 2.) Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), Plaintiff asks the Court to either reverse the decision of the SSA and award her DIB, or remand the matter back to the SSA for further consideration. *See* 42 U.S.C. § 405(g) ("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.").

When evaluating medical opinions, the presiding ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)," but is instead directed to consider the "persuasiveness" of the medical opinions based on five categories, which include supportability, consistency, the provider's relationship with the claimant, the provider's specialization, and other factors such as familiarity with the disability program's policies. 20 C.F.R. § 404.1520c(a)-(c).[3]

Supportability and consistency are the "most important factors" in this analysis. *Id.* § 404.1520c(a). In assessing supportability, medical opinions and prior findings are "more persuasive" if the objective medical evidence and supporting explanations that are used to support those opinions or findings are "more relevant." *Id.* § 404.1520c(c)(1). In assessing consistency, medical opinions and prior findings are "more persuasive" if they are "more consistent" with evidence from other medical and nonmedical sources. *Id.* § 404.1520c(c)(2). These two most important factors – supportability and consistency – must be explained, while the other factors

---

[3] This regulation changed the articulation required by ALJs when considering medical opinions. The prior regulations were interpreted to set forth a general hierarchy of medical source opinions. 20 C.F.R. § 404.1527. Although the new regulations have eliminated this hierarchy, an ALJ must still "'articulate how [he/she] considered the medical opinions' and 'how persuasive [he/she] find[s] all of the medical opinions.'" *Toennies v. Comm'r of Soc. Sec.*, No. 1:19-CV-02261, 2020 WL 2841379, at *14 (N.D. Ohio June 1, 2020) (quoting *Ryan L.F. v. Comm'r of Soc. Sec.*, No. 6:18-cv-01958, 2019 WL 6468560, at *4 (D. Or. Dec. 2, 2019)).

7

may be explained. *Id.* § 404.1520c(b)(2). To determine the persuasiveness of a particular medical opinion, a court must evaluate whether the ALJ properly considered the factors set forth in the regulations. *Toennies v. Comm'r of Soc. Sec.*, No. 1:19-CV-02261, 2020 WL 2841379, at *14 (N.D. Ohio June 1, 2020) (quoting *Ryan L.F. v. Comm'r of Soc. Sec.*, No. 6:18-cv-01958, 2019 WL 6468560, at *4 (D. Or. Dec. 2, 2019)).

The applicable SSA regulations "require that the ALJ provide a coherent explanation of his reasoning." *Lester v. Saul*, No. 5:20-cv-01364, 2020 WL 8093313, at *14 (N.D. Ohio Dec. 11, 2020), *report and recommendation adopted sub nom. Lester v. Comm'r of Soc. Sec.*, No. 20-1364, 2021 WL 119287 (N.D. Ohio Jan. 13, 2021). The ALJ must provide a "minimum level of articulation" in his determinations and decisions to "provide sufficient rationale for a reviewing adjudicator or court." *Warren I v. Comm'r of Soc. Sec.*, No. 20-495, 2021 WL 860506, at *8 (N.D.N.Y. Mar. 8, 2021) (quoting 82 Fed. Reg. 5844-01 (2017)). A failure to meet these "minimum levels" of articulation "frustrates" the court's ability to determine if the ALJ's decision was supported by substantial evidence. *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 900, 906 (quoting *Vaughn v. Comm'r of Soc. Sec.*, No. 20-1119, 2021 WL 3056108, at *11 (W.D. Tenn. July 20, 2021)).

Plaintiff contends that ALJ Martin erred when analyzing all five of the medical opinions that are discussed in his decision: (1) state agency medical consultant Larry Welch, Ed.D.; (2) state agency medical consultant Paula Kresser, Ph.D.; (3) treating provider Jennifer Betts, N.P.; (4) treating provider Robert Soper, Ph.D.; and (5) treating provider Christina Mountain, D.O. (Docket No. 13 at 14–19.)

In ALJ Martin's decision, he acknowledged that the Appeals Council directed him to:

Give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific references to

evidence of record in support of assessed limitations (Social Security Rulings 96-8p and 85-15). In so doing, <u>evaluate the medical source opinions of Dr. Soper, Dr. Mountain, and Nurse Betts and the prior administrative psychological findings of Dr. Welch and Dr. Kresser pursuant to the provisions of 20 CFR 404.1520c</u>. As appropriate, the Administrative Law Judge may request the medical sources provide additional evidence and/or further clarification of the opinions (20 CFR 404.1520b). The Administrative Law Judge may enlist the aid and cooperation of the claimant's representative in developing evidence from the claimant's medical sources.

(AR 983 (emphasis added).) The Court analyzes whether the ALJ's evaluation of each of these five opinions was supported by substantial evidence.

### 1.    State Agency Medical Consultants Dr. Welch and Dr. Kresser

Plaintiff argues that ALJ Martin's analysis of the opinions of Dr. Welch and Dr. Kresser was insufficient because the ALJ failed to address certain portions of those opinions.

In his May 29, 2019 opinion, Dr. Welch found that Plaintiff could: (1) understand and remember detailed but not complex tasks and instructions; (2) focus, attend to and concentrate on certain tasks without unusual distraction or the need for special supervision or considerations; (3) maintain appropriate interactions and relationships with peers and supervisors, which would cause occasional increased signs or symptoms but not behavioral extremes, and maintain occasional general public interaction; and (4) adapt to routine workplace stresses or changes, travel independently, avoid normal hazards, and set and carry out realistic goals, all with occasional difficulty. (AR 69–72.)

In her September 2, 2019 opinion, Dr. Kresser made the same findings as Dr. Welch, but also found that Plaintiff could retain the ability for simple and some detailed tasks in a low stress environment with superficial interaction with others. (AR 84–86.)

In his decision, the ALJ found both Dr. Welch and Dr. Kresser's opinions to be "generally persuasive." (AR 993.) The ALJ stated:

9

In accordance with 20 CFR 404.1520c, the undersigned has considered the prior administrative medical findings made by the state agency non-examining expert sources.

At the initial level of review, the claimant was found to have only severe mental impairments. Dr. Welch determined that there were no more than moderate limitations in the "paragraph B" criteria.

These findings were affirmed at the reconsideration level, with Dr. Kresser noting the claimant had mild limitations in understanding, remembering, or applying information and moderate limitations in the remaining areas of adaptive functioning.

Both state agency consultants opined the claimant could understand, remember and carry out detailed but not complex tasks and instructions; establish and maintain appropriate interactions and relationships with routine interaction with peers and supervisors with occasional increased signs/symptoms but without exhibiting behavioral extremes; sustain occasional general public interaction; and had occasional difficulty adapting to routine workplace stress/changes, traveling independently, avoiding normal hazards and setting realistic goals.

In terms of support, the non-examining physicians cited the claimant's reported activities of daily living, history of breast cancer, and mental health treatment records from July 2018 through January 2019 showing stress from caring for a disabled daughter and dealing with an alcoholic partner. August 2018 notes showed the claimant was using meditation and coping skills to deal with increased anxiety and maintain sobriety. At reconsideration, the non-examining physicians noted the claimant reported worsening panic attacks. Records from Life Care Center suggested her chest pain was related to anxiety and show she continued to struggle in her relationship wither daughter's father.

Concerning consistency, counseling records have shown most of the claimant's issues derived from the stress of caring for her disabled daughter and dealing with an alcoholic partner who was not always helpful. She reported improvement with medications without adverse side effects and most of the mental status exams were unremarkable. The claimant's activities of daily living were not that limited either. As noted, the claimant has been able to provide care for her disabled daughter without significant assistance from her partner. The claimant has also been able to travel for vacations and has reported she could cook, clean, drive, read and write, and shop in stores. She has been able to follow instructions from medical providers and seek out necessary medical treatment without assistance. Thus, these opinions are generally persuasive. (Ex. 1A, 4A, 5A)

(AR 992–93.)

10

The Court finds that the ALJ sufficiently discussed the persuasiveness of Dr. Welch and Dr. Kresser's opinions. As set forth above, an ALJ must discuss the "persuasiveness" of medical opinions based on five categories, with supportability and consistency being the two most important categories that must be explained. 20 C.F.R. § 404.1520c(a)-(c). With respect to supportability, the ALJ found that these two opinions contained references to Plaintiff's "activities of daily living, history of breast cancer, and mental health treatment records." (AR 993.) As set forth in their opinions, those treatment records showed that Plaintiff was feeling stress because she was caring for a daughter with disabilities and dealing with a partner with alcohol dependency, but that Plaintiff was using medication and other coping skills to handle her increased anxiety and to maintain sobriety. (AR 993.) The more recent treatment records considered by Dr. Kresser showed that Plaintiff had worsening panic attacks, chest pain related to anxiety, and continued struggles with her partner. (AR 993.) This explanation sufficiently explained whether and why the ALJ believed that Dr. Welch and Dr. Kresser had "sufficient justification for their *own* conclusions." *Elizabeth A. v. Comm'r of Soc. Sec. Admin.*, No. 2:22-cv-02313, 2023 WL 5924414, at *4 (S.D. Ohio Sept. 12, 2023).

With respect to consistency, the ALJ wrote that counseling records showed that most of Plaintiff's issues "derived from the stress of caring for her disabled daughter and dealing with an alcoholic partner who was not always helpful." (AR 993.) These records also showed reports of improvement with medication, no adverse side effects, and unremarkable mental status examinations. Plaintiff's activities of daily living also showed that Plaintiff was "not that limited" and could provide care for her daughter with disabilities even with no significant assistance from her partner. Her activities also showed that she could cook, clean, drive, read, write, shop, and travel. She could also follow instructions from medical providers and seek out necessary medical

treatment without assistance. The Court finds that these references to other evidence in the record provides a "minimum level of articulation" to show the Court why the ALJ found Dr. Welch and Dr. Kresser's opinions to be consistent and therefore supportable.

Plaintiff, however, contends that two specific limitations from Dr. Welch and Dr. Kresser's opinions support a finding of disability, but that the ALJ "makes no mention" of these limitations. Plaintiff argues that it was contradictory for the ALJ to find these two limitations to be persuasive, but to not include them in the RFC or discuss why they were excluded from the RFC. (Docket No. 13 at 15.)

As for the first limitation, Dr. Kresser found that Plaintiff could perform simple and some detailed tasks in a low stress environment with "superficial" interaction with others. (AR 99.) Plaintiff argues that this limitation shows that she cannot deal with confrontation or criticism of her job performance, which is work preclusive according to vocational expert testimony. (Docket No. 13 at 16.) The Court is not persuaded by this logic. Plaintiff makes a leap from Dr. Kresser's statement that she could have "superficial" interactions with others to an alleged inability to deal with confrontation or criticism. But there is no support for the presumption that superficial interactions mean an inability to deal with confrontation. Further, the actual RFC does not reference superficial interactions or an inability to deal with confrontation. Accordingly, Plaintiff's reliance on vocational expert testimony regarding someone with an inability to deal with confrontation is irrelevant.

As for the second limitation, Dr. Welch and Dr. Kresser both found that Plaintiff can establish and maintain appropriate interactions and relationships with "routine interaction [with] peers and supervisors" and "occasional increased signs/[symptoms]." (AR 71, 99.) Plaintiff contends that this limitation means she would not be able to handle workplace stress for one third

of the workday. (Docket No. 13 at 16.) She states that the "occasional" limitation means that she would have increased signs and symptoms for one third of an eight-hour workday, which would render her unemployable according to vocational expert testimony. (Docket No. 13 at 16.) Once again, Plaintiff makes an unsupported or illogical leap. Neither Dr. Welch nor Dr. Kresser found that Plaintiff would be unable to handle workplace stress for one third of the workday. Further, the RFC included by the ALJ limited Plaintiff to occasional interaction with peers and supervisors and no interaction with the public. (AR 988.) The vocational expert found that a person with Plaintiff's RFC could perform certain jobs, including night cleaner, dishwasher, and furniture stripper. (AR 1022–23.)

In summary, the Court finds that the ALJ's analysis of Dr. Welch and Dr. Kresser's opinions is supported by substantial evidence. It is clear that the ALJ reviewed these opinions and then properly analyzed their supportability and consistency. The ALJ did not err by failing to analyze certain limitations included by Dr. Welch and Dr. Kresser in the way that Plaintiff believes to be necessary. The ALJ provided a "logical bridge" between the opinions of Dr. Welch and Dr. Kresser and the ALJ's conclusion that the two opinions were persuasive. *See Collier v. Comm'r of Soc. Sec. Admin.*, No. 3:16–cv–02077, 2018 WL 2193965, at * 2 (M.D. Tenn. May 14, 2018) (quoting *Getch v. Astrue*, 539 F.3d 473, 480 (7th Cir. 2008)). The Court therefore rejects this portion of Plaintiff's assertion of error.

### 2. Treating Provider NP Betts

Plaintiff argues ALJ Martin's analysis of NP Betts's opinion was insufficient because the ALJ failed to provide any substantive analysis concerning why certain limitations in NP Betts's opinion were omitted from the RFC.

In her July 20, 2020 opinion, NP Betts found that Plaintiff was able to maintain employment and was not disabled, and that her main issue was being a primary caregiver for her child with disabilities. (AR 752.) She found that Plaintiff was "unlimited or very good" with respect to the most mental abilities and aptitudes needed to do unskilled work. (AR 752.) However, she found that Plaintiff was "limited but satisfactory" – meaning she would have noticeable difficulty 10% of the day or less – with respect to the following: (1) maintain attention for two hour segment; (2) maintain regular attendance and be punctual within customary, usually strict tolerances; (3) sustain an order routine with special supervision; (4) work in coordination with or proximity to others without being unduly distracted; (5) complete a normal workday and workweek without interruptions from psychologically based symptoms; and (6) deal with normal work stress. (AR 752.)

In his decision, the ALJ found NP Betts's opinion to be "somewhat persuasive." (AR 992.) The ALJ stated:

> The undersigned considered the opinion of Jennifer Betts, N.P., a treating provider. In a form completed in July 2020, Ms. Betts opined the claimant had limited but satisfactory ability to maintain attention for two-hour segments; maintain regular attendance; sustain an ordinary routine; complete a normal workday; and deal with normal work stress. "Limited but satisfactory" is defined in the form to mean the claimant had noticeable difficulty, but for no more than 10 percent of the workday or workweek. Supportability and consistency are the most important factors to consider when evaluating a medical opinion's persuasiveness (20 CFR 404.1520c). With regard to support, Ms. Betts noted she had seen the claimant for only two to three months for medication management. Prior to that, she had not seen the claimant since April 2016. She reported the claimant talked "non stop" and could be tangential but had only mild anxiety and was "generally stable on meds." In terms of consistency, counseling records have shown most of the claimant's issues derived from the stress of caring for her disabled daughter and dealing with an alcoholic partner who was not always helpful. The claimant reported improvement with medications without adverse side effects and most of the mental status exams were unremarkable. Thus, this opinion is somewhat persuasive. (Ex. 15F)

(AR 992.)

14

The Court finds that the ALJ sufficiently discussed the persuasiveness of NP Betts's opinion. With respect to supportability, the ALJ found that NP Betts had only treated Plaintiff for two to three months in 2020 for medication management, but had otherwise not treated her since 2016. The ALJ also noted that NP Betts reported that Plaintiff talked often and made tangential remarks, but that her anxiety was mild and stabilized with medication. The Court finds that this explanation from the ALJ sufficiently explained whether and why the ALJ believed that NP Betts's opinion that Plaintiff had certain mental limitations but was not disabled was "somewhat persuasive." *See Elizabeth A.*, No. 2:22-cv-02313, 2023 WL 5924414, at *4 (S.D. Ohio Sept. 12, 2023).

With respect to consistency, just as with Dr. Welch and Dr. Kessler, the ALJ wrote that counseling records showed that most of Plaintiff's issues "derived from the stress of caring for her disabled daughter and dealing with an alcoholic partner who was not always helpful." (AR 992.) These records also showed reports of improvement with medication, no adverse side effects, and unremarkable mental status examinations. The Court finds that these references to other evidence in the record provides a "minimum level of articulation" to show the Court why the ALJ found NP Betts's opinions to be consistent and therefore supportable.

Plaintiff contends that limitations in NP Betts's opinion "would result in a finding of disability" for Plaintiff. (Docket No. 13 at 17.) Specifically, she points to NP Betts's finding that Plaintiff had a "limited but satisfactory" mental ability or aptitude in the six areas detailed above. She argues that Plaintiff's inability to handle stress at home (i.e., caring for her daughter with disabilities and dealing with her partner who was an alcoholic and abusive) was "strong evidence" that she would be significantly limited in her ability to handle stress at work. Plaintiff argues that the ALJ erred by failing to detail why he omitted these particular limitations from the RFC.

The Court does not find this argument to be persuasive. Plaintiff focuses on the portions of NP Betts's opinion that she believes are helpful to her while ignoring the opinion's finding that Plaintiff was not disabled. Further, the ALJ was not required to discuss in detail every single portion of NP Betts's opinion and document why he did or did not find it persuasive and why he did or did not incorporate it in the RFC. Instead, the ALJ was required to provide a "logical bridge" between NP Betts's conclusion and his finding that her opinion was "somewhat persuasive." *See Collier*, 2018 WL 2193965, at * 2. The Court finds that the ALJ did so, and that his analysis of NP Betts's opinion is supported by substantial evidence. The Court therefore rejects this portion of Plaintiff's first assertion of error.

### 3. Treating Providers Dr. Soper and Dr. Mountain

Plaintiff argues that ALJ Martin's analysis of the opinions of Dr. Soper and Dr. Mountain was insufficient because the ALJ "picked a few activities from the file without properly addressing context of them or properly doing a persuasion analysis." (Docket No. 13 at 17–18.)

In his April 21, 2019 opinion, Dr. Soper completed a form medical source statement in which he found that Plaintiff had a moderate impairment in her ability to concentrate, but a severe impairment in her social ability. (AR 586–87.) Dr. Soper also found that Plaintiff could not respond appropriately to normal stress and routine changes because she had multiple adverse childhood experiences and had a child with significant health issues. He also found that Plaintiff could care for herself, but was not stable to the point of being able to maintain an independent lifestyle. He opined that she could not maintain either an ordinary work routine without inordinate supervision or a work schedule without missing frequently due to psychological issues.

In her July 23, 2019 opinion, Dr. Mountain completed a form physical medical source statement in which she diagnosed Plaintiff with PTSD. (AR 659–62.) She stated that she was not

16

able to assess Plaintiff's physical functional limitations, but nevertheless provided opinions on some of those limitations. For example, Dr. Mountain opined that Plaintiff would be off task 25% or more of a typical workday; was incapable of low stress work because of her extreme emotional distress; and would have "good days" and "bad days" at work, but would never be absent from work as a result of impairments. (AR 662.)

In his decision, the ALJ found both Dr. Soper and Dr. Mountain's opinions to be "unpersuasive." (AR 993.) The ALJ stated:

> The undersigned also considered the opinion of Robert Soper, Ph.D., a treating psychiatrist. In a form completed in April 2019, Dr. Soper opined that the claimant could not remember and carry out simple, 1-2 step instructions or maintain a work routine without frequent breaks for stress related reasons. Dr. Soper further opined that the claimant had "severe" impairment in social ability, could not respond appropriately to normal stress and routine changes, and was not stable to the point of being able to maintain independent lifestyle. Supportability and consistency are the most important factors to consider when evaluating a medical opinion's persuasiveness (20 CFR 404.1520c). As to support, Dr. Soper noted that he had been treating the claimant for two years for PTSD with mixed anxiety and depression but did not cite to any specific findings from counseling sessions. As far as consistency, as noted, the claimant cares for a daughter with special needs. April 2021 notes show the claimant reported she was able to do more when her husband was away working. The claimant has reported no problems following instructions and noted she could pay bills, use a checkbook, and enjoyed reading and writing, which seems inconsistent in someone purportedly unable to follow simple instructions. As discussed earlier, there are also several notes showing the claimant going on vacation and treatment notes showing the claimant was engaged in therapy. Thus, this opinion is unpersuasive. (Ex. 8F; 22F, p. 8)
>
> * * *
>
> The undersigned considered the opinion of Christina Mountain, D.O., a treating physician. In a form completed in July 2019, Dr. Mountain opined that the claimant was incapable of even "low stress" work because of emotional distress and that she would be off-task 25% of the time or more. Supportability and consistency are the most important factors to consider when evaluating a medical opinion's persuasiveness (20 CFR 404.1520c). In terms of support, the undersigned notes that Dr. Mountain does not cite to any specific exam findings or offer any narrative statement to support the limitations in the opinion. Indeed, Dr. Mountain notes in the form that the claimant received mental health services from a different provider. Regarding consistency, the undersigned notes that "low stress" is not a

17

"vocationally relevant" term. The opinion is also internally inconsistent. While Dr. Mountain states the claimant is not capable of low stress jobs, later in the opinion he notes the claimant would not miss any work. Finally, it is inconsistent with the regular and apparently extensive care, the claimant provides for her disabled daughter. Thus, this opinion is unpersuasive. (Ex. 10F)

(AR 991–92.)

The Court finds that the ALJ sufficiently discussed the persuasiveness of Dr. Soper and Dr. Mountain's opinions. With respect to supportability, the ALJ found that Dr. Soper had been treating Plaintiff for two years for PTSD, but that he did not cite to any specific findings from his visits with Plaintiff to support his opinion. The ALJ found that Dr. Mountain similarly did not point to any specific findings from her visits with Plaintiff to support her opinion, but that Dr. Mountain actually deferred to Plaintiff's counselor and mental health provider in her opinion. The ALJ also noted that Dr. Mountain did not offer any narrative statements to support the limitations that she found. The Court finds that this analysis – although perhaps leaning towards the side of being too brief – is sufficient to provide the Court with an understanding of why the ALJ found these two opinions to not be supportable, and therefore not persuasive. The ALJ's concern with the opinion's brevity and lack of citation is discernable from this discussion of the opinions' supportability.

As for consistency, when discussing Dr. Soper's opinion, the ALJ referred to other evidence from the record indicating that Plaintiff cares for her child who has disabilities was able to do more at home when her partner was not there. The ALJ also referred to Plaintiff's reports that she has no problems following instructions, could pay bills, could use a checkbook, and enjoyed reading and writing. The ALJ found these statements to be inconsistent with Dr. Soper's opinion that Plaintiff was not able to follow simple instructions. The ALJ also pointed to evidence from the record that Plaintiff had gone on vacations and was engaged in therapy. In addition, the

18

ALJ found that Dr. Mountain's opinion was internally inconsistent because she found both that Plaintiff was "incapable of 'low stress' work" but would never be absent from work as a result of her impairments or treatment. The ALJ also found that the opinion was inconsistent with the fact that Plaintiff provides regular and extensive care for her child with disabilities. The Court finds that these references to other evidence in the record provides a "minimum level of articulation" to show the Court why the ALJ found Dr. Welch and Dr. Kresser's opinions to be inconsistent and therefore not persuasive.

Plaintiff contends that the ALJ cherrypicked activities performed by Plaintiff and failed to properly address them in context when analyzing these two opinions, and therefore the ALJ's consistency analysis was without substantial evidence. (Docket No. 13 at 17–19.) For example, with respect to Plaintiff's activity of caring for her child, she argues that the ALJ failed to consider the extent to which she sometimes cannot provide this care. She refers to evidence in the record that demonstrates that she must be relieved from childcare duties when she experiences certain mental symptoms. She argues that the ALJ erred by failing to discuss these facts.

The Court, however, does not find any error on the part of the ALJ with respect to this issue. The ALJ clearly considered Plaintiff's ability, and therefore inability, to care for her child, as well as her ability to perform other tasks, when analyzing these two opinions. The ALJ also considered these activities throughout his opinion. The ALJ is not required to discuss and address every single aspect of Plaintiff's record. Instead, he must provide "clear explanations as to [his] reasoning." *Hale v. Comm'r of Soc. Sec. Admin.*, No. 1:24-CV-47, 2025 WL 629977, at *5 (E.D. Tenn. Feb. 26, 2025). The Court finds that the ALJ has met this minimum requirement with respect to the opinions of Dr. Soper and Dr. Mountain. The Court therefore rejects this portion of Plaintiff's first assertion of error.

19

## V.     RECOMMENDATION

For the above stated reasons, it is respectfully **RECOMMENDED** that Plaintiff's motion for judgment on the administrative record (Docket No. 12) be **DENIED** and the Social Security Administration's decision be **AFFIRMED**.

**ANY OBJECTIONS** to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(a). Failure to file specific written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Cowherd v. Milton*, 380 F.3d 909, 912 (6th Cir. 2004) (en banc). Any responses to objections to this Report and Recommendation must be filed within fourteen (14) days of the filing of the objections. *See* Fed. R. Civ. P. 72(b)(2); Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge